UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Thomas Hamm,

                        Plaintiff,

      -v-

The City of New York, New York City Department
of Correction Officer Ronnie Mack (Shield No. 8093),
New York City Department of Correction Officer
Shaquana Gatling (Shield No. 7190), New York City
Department of Correction Captain Adolpho Flores
(Shield No. 31405), New York City Department of
Correction Officer John Doe (the name "John Doe"
being fictitious as the true name and rank are not
known to plaintiff), in their individual capacities,

                       Defendants.
------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

15-CV- 6238

Plaintiff Thomas Hamm, through his attorneys David B. Rankin and Robert M. Quackenbush of Rankin & Taylor, PLLC, as and for his complaint, hereby states and alleges:

### PRELIMINARY STATEMENT

1. Pursuant to the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, and the laws of the State of New York, plaintiff Thomas Hamm brings this civil rights action for violations of his constitutional and common law rights and for injuries caused by officers of the New York City Department of Correction ("DOC") and by the municipal policies, practices and customs of their employer, defendant City of New York.

2. This complaint seeks compensatory damages, punitive damages and attorneys' fees.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §

1

1983, for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1-2) in that defendant City of New York resides in this venue and Mr. Hamm's claims arose within the confines of this judicial district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

6. Pursuant to New York State General Municipal Law § 50-e, Mr. Hamm filed a timely Notice of Claim with the New York City Comptroller on or about August 5, 2014, within ninety (90) days of the events herein complained of. Thus, this Court has supplemental jurisdiction over Mr. Hamm's claims against the defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Hamm's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

## PARTIES

8. Plaintiff Thomas Hamm was at all times relevant to this action a resident of the County of Kings in the State of New York.

9. Defendant City of New York, through its agency DOC, is authorized under the laws of the State of New York to maintain correctional facilities, which act as its agent and for which it is ultimately responsible. The City of New York assumes the risks incidental to the maintenance of correctional facilities and the employment of correctional officers under its employ.

10. Defendants Corrections Officer ("C.O.") Ronnie Mack (Shield No. 8093), C.O. Shaquana Gatling (Shield No. 7190), Corrections Captain ("Capt.") Adolpho Flores (Shield No. 31405), and C.O. John Doe (the name "John Doe" being fictitious as the true name and rank are not known to plaintiff) are and were at all times relevant herein employees and agents of the City of New York, through the DOC. They are each being sued in their individual capacities.

11. The true name, rank and shield number of defendant C.O. John Doe are not currently known to Mr. Hamm.[1] However, C.O. Doe was an employee or agent of the DOC on May 9, 2014. Accordingly, he may be entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Mr. Hamm intends to name C.O. Doe as a defendant in an amended pleading once the true name and shield number of C.O. Doe become known and (b) that the Law Department should immediately begin preparing his defenses, if any, in this action.

12. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York and/or DOC, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their respective duties. They were acting for and on behalf of the City of New York and/or DOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the City of New York and/or DOC and incidental to the lawful pursuit of his duties as an officer, employee and agent of the City of New York and/or DOC.

---

[1] By identifying said defendant as "John Doe" and using a male pronoun to describe him, Mr. Hamm is making no representations as to the gender of said defendant.

## STATEMENT OF FACTS

13. The events described herein occurred on the afternoon of May 9, 2014 at the Eric M. Taylor Center ("EMTC"), a DOC correctional facility located on Rikers Island in Bronx County.

14. On that date, Mr. Hamm lawfully entered EMTC to visit with his long-term partner, P.F., who was an inmate at EMTC at the time of the incident.

15. While speaking with each other across a visiting table, Mr. Hamm and P.F. were holding and/or rubbing each other's hands in a sign of affection for each other.

16. In response, C.O. Gatling ordered P.F. to stand up and approach her. When P.F. walked over to C.O. Gatling, the corrections officer told him, in sum and substance, "We don't want that faggot shit in here."

17. P.F. and Mr. Hamm resumed their visit without any physical contact.

18. Shortly after, a male corrections officer approached Mr. Hamm and P.F. and told them that their visit was over.

19. However, upon information and belief, none of the other visits were terminated at that time.

20. Upon information and belief, the corrections officers terminated the visit due to their perception of Mr. Hamm's and P.F.'s sexual orientation and the corrections officers' apparent homophobia.

21. As directed, Mr. Hamm left the visiting area and proceeded towards the exit of EMTC.

22. Before being allowed to board the bus, however, Mr. Hamm approached the EMTC entrance area in order to retrieve his security slip.

23. After returning to the facility's entrance, Mr. Hamm took the security slip from C.O. Gatling's outstretched hand.

24. C.O. Gatling snatched the security slip back from Mr. Hamm.

4

25. In response, Mr. Hamm asked for the voucher back.

26. However, before he could leave the building, C.O. Mack, C.O. Gatling, and C.O. Doe attacked Mr. Hamm by, *inter alia*, beating him around the right side of his head.

27. Mr. Hamm fell to the floor, and C.O. Mack, C.O. Gatling, and C.O. Doe kicked Mr. Hamm and/or refused to intervene to prevent other corrections officers from beating Mr. Hamm.

28. Upon information and belief, defendant Capt. Flores either observed the above-described events and/or was informed of the above-described events, and he nonetheless ordered the other officer-defendants to take Mr. Hamm into custody.

29. Paramedics arrived and corrections officers handcuffed Mr. Hamm to a stretcher.

30. Mr. Hamm was held in custody at Elmhurst Hospital Center overnight.

31. Upon his discharge from the hospital, corrections officers took Mr. Hamm back to Rikers Island where he was forced to sign an order banning him from Rikers Island for 180 days.

32. Based on false allegations, Mr. Hamm was charged with assault in the third degree and harassment in the second degree.

33. Despite the fact that the criminal court accusatory instrument contained allegations that Mr. Hamm assaulted C.O. Mack with his cane, and far more than 24 hours after Mr. Hamm's arrest, the arraignment judge released Mr. Hamm on his own recognizance.

34. Following the use of force and subsequent arrest, the officer-defendants individually and collectively falsified incident reports in order to cover-up their own misdeeds in unlawfully beating and arresting Mr. Hamm.

35. The charges against Mr. Hamm were adjourned in contemplation of dismissal.

36. As a result of the officer-defendants' actions, Mr. Hamm was denied access to public accommodations and services on the basis of his actual and/or perceived sexual orientation, suffered serious physical injuries, and was deprived of his liberty.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
*(Against the officer-defendants)*

37. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. The officer-defendants, under color of state law, subjected Mr. Hamm to the foregoing acts and omissions, and failed to intercede to prevent same, thereby depriving Mr. Hamm of his rights, privileges and immunities secured by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including without limitation, deprivation of his constitutional right to freedom from unreasonable seizure of his person, freedom from the use of excessive force, freedom from false arrest and false imprisonment, freedom from abuse of process, freedom from having governmental officials fabricate against him, deprivation of his right to equal protection under the law, and freedom from deprivation of his substantive due process rights.

39. As a result of the foregoing, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
*(Against the City of New York)*

40. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. At all times material to this complaint, there was a pattern and practice of conduct by DOC officials on Rikers Island that violated the constitutional rights of civilians. There was, and is, a "deep-seated culture of violence" which was "pervasive" across the various facilities on Rikers Island, and "DOC staff routinely utilize[d] force not as a last resort, but instead as a means to control the [ ] population and punish disorderly or disrespectful behavior." See Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio, et al., dated August 4, 2014 ("U.S. Attorney Report"), at 3, available online at http://www.justice.gov/usao/nys/pressreleases/August14/RikersReportPR/SDNY%20Rikers%20Report.pdf.[2]

42. At all times material to this complaint, there was a pattern and practice of "correction officers resort[ing] to 'headshots,' or blows to an inmate's head or facial area too quickly." See id., at 4.

43. At all times material to this complaint, there was a pattern and practice of using force "as punishment or retribution." See id.

44. At all time material to this complaint, there was a pattern and practice of using force "in response to [ ] verbal altercations with officers." See id.

45. The above-described de facto policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant City of New York failed to properly train, screen, supervise, or discipline employees including the officer-defendants, and failed to inform supervisors of their need to train, screen, supervise or discipline DOC employees such as the officer-defendants regarding the limits on uses of force.

---

[2] Mr. Hamm hereby incorporates the U.S. Attorney Report by reference herein.

47. Further, the "DOC's hiring process has failed to recruit sufficient talented [corrections officers] and has failed, in some instances, to weed out those who would abuse their position." See New York City Department of Investigation Report on the Recruiting and Hiring Process of New York City Correction Officers, January 2015 ("DOI Report"), at 2, available online at https://s3.amazonaws.com/s3.documentcloud.org/documents/1502553/report-on-the-recruiting-and-hiring-process-for.pdf.[3]

48. The above-described policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, were direct and proximate causes of the unconstitutional conduct alleged herein, causing injury and damage in violation of Mr. Hamm's constitutional rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, through 42 U.S.C. § 1983.

49. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury and was deprived of his liberty.

### THIRD CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

50. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. By the actions described above, the officer-defendants did inflict assault and battery upon Mr. Hamm. The acts and conduct of the officer-defendants were the direct and proximate cause of injury and damage to Mr. Hamm and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

---

[3] Mr. Hamm hereby incorporates the DOI Report by reference herein.

52. The conduct of the officer-defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as a DOC officials, and/or while they were acting as agents and employees of defendant City of New York, clothed with and/or invoking state power and/or authority, and, as a result, defendant City of New York is liable to Mr. Hamm pursuant to the state common law doctrine of *respondeat superior*.

53. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

54. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. By the actions described above, the officer-defendants caused to be falsely arrested or falsely arrested Mr. Hamm, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the officer-defendants were the direct and proximate cause of injury and damage to Mr. Hamm and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. The conduct of the officer-defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as DOC officers, and/or while they were acting as agents and employees of defendant City of New York, clothed with and/or invoking state power and/or authority, and, as a result, defendant

City of New York is liable to Mr. Hamm pursuant to the state common law doctrine of *respondeat superior*.

57. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

### FIFTH CLAIM FOR RELIEF
### ABUSE OF PROCESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against all defendants*)

58. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the conduct and actions described above, defendants employed regularly issued process against Mr. Hamm compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Mr. Hamm without economic or social excuse or justification, and the defendants were seeking a collateral advantage (including but not limited to covering for their own misdeeds described above) or corresponding detriment to Mr. Hamm, which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Mr. Hamm and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF ARTICLE I, § 6 OF THE NEW YORK CONSTITUTION
(*Against all defendants*)

61. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. Article I, § 6 of the New York Constitution provides that, "[n]o person shall be deprived of life, liberty or property without due process of law."

63. As a result, all persons in New York have a fundamental right to visit family and friends that are in the custody of the state.

64. The defendants deprived Mr. Hamm of rights, remedies, privileges, and immunities guaranteed to every person in New York, including, but not limited to, rights guaranteed by Article I, § 6 of the New York Constitution to be free from unreasonable seizure of his person, free from the use of excessive force, free from false arrest and false imprisonment, free from abuse of criminal process, free from having governmental officials fabricate criminal charges against him, free from the deprivation of his right to visit his inmate partner at a New York City corrections facility, and free from the deprivation of his right to maintain and engage in a committed same-sex relationship.

65. As a direct and proximate result of the foregoing, Mr. Hamm sustained the damages alleged, including, but not limited to, conscious pain and suffering, injury, and deprivation of his liberty and due process rights.

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF ARTICLE I, § 11 OF THE NEW YORK CONSTITUTION
*(Against all defendants)*

66. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. Article I, § 11 of the New York Constitution provides that, "[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof."

68. Lesbian, gay and bisexual ("LGB") people compose a class that is subject to heightened scrutiny.

69. By discriminating against Mr. Hamm, a gay man with a same-sex partner, on the terms and conditions of visitation at EMTC in relation to similarly situated visitors with different-sex partners, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force against Mr. Hamm, or failing to prevent other officer-defendants from doing so, because of Mr. Hamm's perceived or actual sex and sexual orientation, defendants deprived Mr. Hamm of rights, remedies, privileges, and immunities guaranteed to every person, including, but not limited to, the right guaranteed by Article I, § 11 of the New York Constitution to the equal protection of the laws. The officer-defendants acted within the scope of their employments as DOC officers and employees.

70. As a direct and proximate result of defendants' conduct, policies, practices, customs, and usages, Mr. Hamm sustained the damages alleged, including, but not limited to, the deprivation of his right to equal protection and equal dignity.

### EIGHTH CLAIM FOR RELIEF
### DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS LAW § 40-C
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

71. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. Section 40-c of the New York Civil Rights Law provides that, "[n]o person shall, because of … sexual orientation …, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

73. By the conduct and actions described above, defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Mr. Hamm of his civil rights on the basis of his sexual orientation.

74. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his civil rights and liberty.

75. Mr. Hamm, simultaneous with the filing of this complaint, serves notice of his claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

### NINTH CLAIM FOR RELIEF
### DISCRIMINATION IN VIOLATION OF HUMAN RIGHTS LAW § 296
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

76. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. Section 296 of the New York Human Rights Law provides, in part, that, "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of … sexual orientation …, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." N.Y. CLS Exec. § 296(2)(a).

78. By the conduct and actions described above, defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Mr. Hamm of the advantages, facilities, or privileges of a place of public accommodation on the basis of Mr. Hamm's sexual orientation.

79. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

## TENTH CLAIM FOR RELIEF
### DISCRIMINATION IN VIOLATION OF HUMAN RIGHTS LAW § 8-107
### UNDER THE LAWS OF THE CITY OF NEW YORK
(*Against all defendants*)

80. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81. Section 8-107 of the New York City Administrative Code provides, in part, that, "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ... sexual orientation ..., directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." N.Y. City Admin. Code § 8-107.

82. By the conduct and actions described above, defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Mr. Hamm of the advantages, facilities, or privileges of a place of public accommodation on the basis of Mr. Hamm's sexual orientation.

83. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

## ELEVENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against The City of New York*)

84. Mr. Hamm incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. As demonstrated by the facts alleged herein, defendant City of New York negligently hired, screened, retained, supervised, and trained the officer-defendants. The acts and conduct of the officer-defendants were the direct and proximate cause of injury and damage to Mr.

Hamm and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the laws of the City of New York.

86. As a result, Mr. Hamm suffered conscious pain and suffering, damage, injury, and was deprived of his liberty.

## JURY DEMAND

87. Mr. Hamm demands a trial by jury in this action on each and every one of his damage claims.

## PRAYERS FOR RELIEF

**WHEREFORE**, Mr. Hamm demands judgment against the defendants jointly and severally and prays for relief as follows:

a. That he be compensated for violation of his constitutional and common law rights, deprivation of liberty, pain, suffering, mental anguish, and humiliation;

b. That he be awarded punitive damages against the officer-defendants;

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         August 7, 2015

Respectfully submitted,

By: _____
David B. Rankin
Robert M. Quackenbush
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480